FILED
OCT 15 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | No. **19 CR 781** |
|---|---|---|
| vs. | ) ) ) | Violations: Title 21, United States Code, Sections 331(a) and (d), 355(a), and 333(a)(2) |
| JONATHAN E. MCGRAW | ) | |

**JUDGE LEE**

**MAGISTRATE JUDGE COX**

COUNT ONE

The SPECIAL JUNE 2018 Grand Jury charges:

1. At times material to the indictment:

    a. The United States Food and Drug Administration ("FDA") was an agency of the United States responsible for enforcing the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Section 301, et seq., and protecting and promoting the public health through the control and supervision of, among other things, food, dietary supplements, drugs, medical devices, and cosmetics.

    b. As part of its responsibilities, the FDA oversaw the manufacturing, marketing, labeling, distribution, and sale of drugs shipped or received in interstate commerce. A drug included articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or articles other than food intended to affect the structure or any function of the body of man or other animals.

    c. As part of its oversight, the FDA required that any person seeking to introduce a new drug into interstate commerce obtain approval from the FDA. In

order to obtain approval, a person had to submit an application and, among other things, prove by substantial evidence that the new drug was generally recognized as safe and effective.

   d. In order to protect consumers from unsafe products, the FDA required that the owner or operator of any establishment engaged in the manufacture, preparation, propagation, compounding, or processing of drugs register with the Secretary of Health and Human Services. The FDA inspected such establishments to ensure that they complied with any applicable regulations. These inspections included pre-approval inspections after an applicant sought approval to market a new drug, routine inspections, and "for-cause" inspections to investigate specific problems that came to the attention of the FDA.

   e. The FDA further sought to protect consumers by requiring that the packaging and labeling for any drug, among other things, included adequate directions for use of the drug and not include any false or misleading information. "Adequate directions for use" were directions under which a layperson could use a drug safely and for the purposes for which it was intended.

   f. 2, 4-Dinitrophenol, also known as DNP, was a chemical that was often used as a dye, wood preserver, and herbicide. The FDA never approved 2, 4-Dinitrophenol for use as a drug.

   g. Defendant JONATHAN E. MCGRAW was a resident of Oregon. He was not registered with the Secretary of Health and Human Services to engage in the manufacture, preparation, propagation, compounding, or processing of drugs.

Defendant manufactured, marketed, and sold 2, 4-Dinitrophenol as a weight-loss product for human consumption without obtaining approval or seeking to obtain approval from the FDA, but falsely labeled the product to make it appear that it was for use as a pesticide.

2.  On or about October 4, 2017, in the Northern District of Illinois and elsewhere,

JONATHAN E. MCGRAW,

defendant herein, with intent to defraud and mislead, did introduce and cause to be introduced into interstate commerce a new drug, within the meaning of 21 U.S.C. § 321(p), namely, 2, 4-Dinitrophenol, also known as DNP, without approval from the FDA;

In violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(2).

## COUNT TWO

The SPECIAL JUNE 2018 Grand Jury further charges:

1. The allegations of paragraph 1 of Count One are incorporated here.

2. On or about November 9, 2017, in the Northern District of Illinois and elsewhere,

## JONATHAN E. MCGRAW,

defendant herein, with intent to defraud and mislead, did introduce and cause to be introduced into interstate commerce a new drug, within the meaning of 21 U.S.C. § 321(p), namely, 2, 4-Dinitrophenol, also known as DNP, without approval from the FDA;

In violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(2).

## COUNT THREE

The SPECIAL JUNE 2018 Grand Jury further charges:

1. The allegations of paragraph 1 of Count One are incorporated here.

2. On or about October 4, 2017, in the Northern District of Illinois and elsewhere,

JONATHAN E. MCGRAW,

defendant herein, with intent to defraud and mislead, did introduce and cause to be introduced into interstate commerce misbranded drugs, namely, 2, 4-Dinitrophenol, also known as DNP;

In violation of 21, United States Code, Sections 331(a) and 333(a)(2).

## COUNT FOUR

The SPECIAL JUNE 2018 Grand Jury further charges:

1. The allegations of paragraph 1 of Count One are incorporated here.

2. On or about November 9, 2017, in the Northern District of Illinois and elsewhere,

JONATHAN E. MCGRAW,

defendant herein, with intent to defraud and mislead, did introduce and cause to be introduced into interstate commerce misbranded drugs, namely, 2, 4-Dinitrophenol, also known as DNP;

In violation of 21, United States Code, Sections 331(a) and 333(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY